## Emberger, et al. v. Commonwealth.

(Decided May 8, 1925.)

### Appeal from Lyon Circuit Court.

1. Appeal and Error—Chancellor's Finding on Conflicting Evidence Not Disturbed.—Chancellor's finding on questions of fact on conflicting evidence will not be disturbed.

2. Clerks of Courts—Clerk's Fee Reduced, where Failing to Observe Supreme Court Rules in Preparing Transcript.—Clerk of lower court who failed to observe Supreme Court rule 5, subsection 6, in preparing transcript, relative to indexing exhibits and depositions, and to indorse on transcript his fee for making same, as required by rule 5, subsection 7, would be allowed only $10.00 for making transcript, and, if paid more, would be required to refund it.

C. C. MOLLOY and T. T. HANBERRY for appellants.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The trial court held that the transfers of certain property from the defendant, Ignas Emberger, to his brothers and codefendants, Anton Emberger and Joseph Emberger, were fraudulent, and the defendants have appealed.

Hugh Wells, being in custody charged with the offense of selling intoxicating liquor, was on July 11, 1923, admitted to bail in the sum of $300.00 and John Fox, E. Champion, Louis Duncan and Ignas Emberger became sureties on his bail bond, undertaking thereby that he should appear in the Lyon circuit court on the first day of its August term, to answer that charge. He was also admitted to bail upon another charge of the same character, with the same sureties and for the same sum. Upon another charge for gaming he was admitted to bail in the sum of $100.00 with the same sureties.

When these cases were called on August 22, 1923, Hugh Wells failed to answer, and the court entered an

order forfeiting the bond. Summons was awarded against the bondsmen, which summons was served on Ignas Emberger on September 15, 1923, by which these sureties were required to answer and show cause, if any they could, why judgment should not be entered against them for the amount of these bail bonds. The sureties failed to appear, and on December 5, 1923, judgment was entered against them. Executions were issued upon these judgments, and on February 25, 1924, these executions were returned "no property found." Thereupon this action was begun by the Commonwealth of Kentucky against these sureties and against Anton Emberger and Joseph Emberger in which these proceedings were duly alleged, and it was further alleged that on September 15, 1923, the defendant Ignas Emberger had fraudulently conveyed to Joseph Emberger, for the pretended consideration of $1,000.00, a tract of 41½ acres in Lyon county, Kentucky, which is properly described; also that upon the same date, Ignas Emberger had conveyed to Anton Emberger a tract of 53 acres which is properly described and which it is charged was fraudulently transferred to Anton Emberger for the pretended consideration of $500. These conveyances were attacked and held void under section 1906 of the Kentucky Statutes. The evidence is conflicting, and by no means entirely satisfactory; but the chancellor, who perhaps knew the witnesses and was in a better position than we are to pass upon their credibility, found this evidence sufficient to satisfy him that these conveyances were fraudulent, and we will not disturb his finding.

"It is our rule not to disturb the finding of the chancellor upon a question of fact where the evidence is conflicting, and upon consideration of the whole case the mind is left in such doubt that we cannot say with reasonable certainty that the chancellor erred in his conclusion." Jones v. Tarry, 187 Ky. 700, 220 S. W. 523.

In preparing this transcript, the clerk wholly failed to observe subsection 6 of rule 5 of this court relative to indexing the exhibits and depositions. There are fifteen exhibits in this record and there is nothing in the index to identify any of them, or show where any particular exhibit may be found. There are six different answers in the record, and these are merely indexed under the

general head, "Answers." He also failed to endorse upon the transcript his fee for making same, as required by subsection 7 of rule 5, and for these failures it is now ordered that he shall only be allowed $10.00 for making this transcript, and if he has been paid more he shall refund it.

The judgment is affirmed.